UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 14-1013

| | |
|---|---|
| David Greenley, <br><br> Plaintiff, <br> v. <br><br> AFNI, Inc., <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Defendant utilized a robo caller to call the Plaintiff's cellular phone in an effort to collect a debt, violating the Plaintiff's privacy rights afforded under federal law.

2. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law

claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* in its illegal efforts to collect a consumer debt.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

6. Defendant has transacted business within the State of Minnesota by attempting to collect a debt from Plaintiff over the telephone, incorporating itself to do business in Minnesota, and registering itself as a debt collector with the Minnesota Department of Commerce, while Plaintiff was located within and permanently residing within the State of Minnesota.

## PARTIES

7. Plaintiff David Greenley (hereinafter "Plaintiff") is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8. Defendant AFNI, Inc. (hereinafter "Defendant AFNI") is a collection agency operating from an office address of 1310 Martin Luther King Drive Bloomington, Illinois 61701, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. In the four years immediately, Defendant AFNI and the collectors employed by Defendant AFNI willfully contacted Plaintiff on his cellular telephone in an effort to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act*

11. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

12. At all times relevant to this complaint, the Defendant AFNI has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

13. The Defendant AFNI at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(50).

14. The Defendant AFNI at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(28).

15. At all times relevant to this complaint, the Defendant AFNI has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

16. At all times relevant to this complaint, the Defendant AFNI has used, controlled, and/or operated "automatic telephone dialing systems" ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Call*

17. Within four years immediately preceding the filing of this lawsuit, Defendant AFNI telephoned the Plaintiff's cellular phone on at least one occasion using an ATDS in violation of the TCPA.

18. Without Plaintiff's prior express consent, Defendant AFNI and its collectors called Plaintiff on his cell phone on or around April 12, 2013, using an automatic telephone dialing system to call in an attempt to collect a debt.

19. On one of these calls, Plaintiff heard a click and a pause before a live operator from Defendant AFNI got onto the line of his cellular telephone number (612) 810-7626.

20. Defendant AFNI's debt collection employee failed to identify herself, failed to state that she was confirming or correcting location information concerning a consumer, as required by the FDCPA.

21. This collection communication on this occasion was therefore a false and deceptive, harassing and abusive, effort to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

*Summary*

22. All of the above-described collection communications made to Plaintiff by Defendant AFNI and other collection employees employed by Defendant AFNI, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others.

23. Defendant AFNI's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular phone service associated with the number (612) 810-7626 for which the Plaintiff paid money.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant AFNI and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. As a result of Defendant AFNI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant AFNI herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Within the four years period immediately preceding this action, the Defendant AFNI called the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

30. The acts and or omissions of Defendant AFNI at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a causally direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant AFNI at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

32. Defendant AFNI did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

33. Defendant AFNI made such calls willfully.

34. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

35. Defendant AFNI willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

36. Plaintiff is entitled to injunctive relief prohibiting Defendant AFNI from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant AFNI as follows:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant AFNI and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant AFNI and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant AFNI and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant AFNI and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant AFNI and for Plaintiff;

- for an injunction prohibiting Defendant AFNI from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 7, 2014

**BARRY & HELWIG, LLC**
By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                                                              **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Pursuant to 28 U.S.C. § 1746, Plaintiff David Greenley, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 7, 2014.

_____
Signature